UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY M. GRIFFIN,

    Movant,

v.

    Civil Case No. 8:24-cv-982-MSS-AEP
    Crim. Case No. 8:15-cr-453-MSS-AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

In this action under 28 U.S.C. § 2255, Troy M. Griffin moves to vacate, set aside, or correct his sentence. In 2021, Griffin was resentenced to two concurrent terms of 235 months for Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. (Crim. Doc. 357)

In his § 2255 motion, Griffin raises three grounds for relief and claims that (1) the district court should have vacated his convictions and ordered a new trial, (2) his constitutional rights were violated when his sentence was enhanced under U.S.S.G. § 2B3.1(b)(2)(B), and (3) the indictment was insufficient. (Civ. Doc. 1) The United States responds that Griffin is entitled to no relief because his claims are procedurally barred. (Civ. Doc. 11) Griffin has filed a reply. (Civ. Doc. 19)

Before the Court are three motions filed by Griffin:

**I.**    **Motion to Dismiss the Indictment (Civ. Doc. 31) and Motion for Supplemental Authority (Civ. Doc. 32)**

Griffin files a "Motion to Dismiss the Indictment" (Civ. Doc. 31) and a "Motion for Supplemental Authority" (Civ. Doc. 32). In both motions, Griffin argues that the Court lacked subject matter jurisdiction to adjudicate him guilty and sentence him. However, Griffin's claim that the indictment was insufficient is already before the Court in his § 2255

motion and his reply. (Civ. Docs. 1 and 19) Griffin may not assert his claims in a piecemeal fashion or repeat claims already before the Court. Accordingly, to the extent Griffin attempts to repeat a claim that is already before the Court in his Motion to Dismiss the Indictment and his Motion for Supplemental Authority, those motions are **DENIED**.

The Court shall take under consideration all the claims Griffin asserts in his § 2255 motion, the United States' response, and Griffin's reply, and shall issue a ruling on the merits of his § 2255 motion.

II.   **Emergency or Time-Sensitive Motion (Civ. Doc. 33)**

Griffin files a motion titled "Emergency or Time-Sensitive Motion," in which he urges the Court to issue a ruling on the merits of his § 2255 motion within twenty days. In three earlier orders (Civ. Docs. 16, 22, and 24), the Court already explained that Griffin is not entitled to immediate release or an emergency ruling on his § 2255 motion. Accordingly, for the reasons set forth in the Court's earlier orders (Civ. Docs. 16, 22, and 24), Griffin's motion for an emergency ruling on the merits of his § 2255 motion within twenty days (Civ. Doc. 33) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, this 4th day of March, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE