UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY M. GRIFFIN,

    Movant,                                                       Civil Case No. 8:24-cv-982-MSS-AEP

v.                                                                Crim. Case No. 8:15-cr-453-MSS-AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

In this action under 28 U.S.C. § 2255, Troy M. Griffin moves to vacate, set aside, or correct his sentence. He currently serves two concurrent sentences of 235 months for conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, and he challenges his confinement on three grounds. As explained below, additional briefing will assist the district court in resolving Griffin's § 2255 motion.

**I.    Brief Procedural History**

In 2016, after a three-day jury trial, Griffin was found guilty of conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, and brandishing a firearm during and in relation to the conspiracy to commit Hobbs Act robbery. He was sentenced to 294 months' imprisonment. His convictions and sentence were affirmed on appeal.

In 2021, the district court granted in part and denied in part Griffin's initial § 2255 motion. The motion was granted to the extent that Griffin's conviction and sentence under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 in Count Three were vacated. The § 2255 motion was otherwise denied as meritless.

On July 29, 2021, the district court conducted a resentencing hearing and entered an amended judgment, sentencing Griffin to "**TWO HUNDRED AND THIRTY-FIVE MONTHS, nunc pro tunc to the date of the original judgment on February 10, 2017, as to Counts One and Two, with credit [] for time served since the date of his arrest on August 30, 2018, both of such terms to run concurrently**." (Crim. Doc. 357, emphasis in original) The amended judgment reads, "Count Three vacated by the Court." Griffin's amended judgment and sentence were affirmed on appeal.

In April 2024, Griffin initiated the instant action by filing another § 2255 motion. He challenges his convictions and sentence on three grounds: (1) when the district court partially granted his initial § 2255 motion, it should have vacated all three counts of conviction (not just Count Three) and ordered a new trial, (2) his constitutional rights were violated at resentencing when he received a six-level enhancement under U.S.S.G. § 2B3.1(b)(2)(B), and (3) the indictment was insufficient. The United States responds that Griffin's claims are procedurally barred and meritless.

II.   **Discussion**

"Incarcerated individuals who seek to challenge their imprisonment through a federal habeas petition are generally afforded one opportunity to do so." *Rivers v. Guerrero*, 605 U.S. __, No. 23-1345, 2025 WL 1657406, at *2 (June 12, 2025) (holding that "in general, once the district court has entered its judgment with respect to the first habeas petition, a second-in-time application qualifies as 'second or successive' and is thus properly subject to the [stringent gatekeeping] requirements of § 2244(b)"). "Before filing a second or successive habeas petition, AEDPA requires a prisoner to obtain authorization from the appropriate court of appeals." *Telcy v. United States*, 20 F.4th 735, 740 (11th Cir. 2021) (quotation

omitted). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

However, "where . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive[.]'" *See Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010). In other words, "[w]hether a petition is second or successive depends on 'the judgment challenged.'" *Patterson v. Sec'y, Fla. Dept. of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (quoting *Insignares v. Sec'y, Fla. Dept. of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014)). "The judgment that matters for purposes of [habeas relief] is the judgment authorizing the petitioner's confinement." *Patterson*, 849 F.3d at 1325 (quoting *Magwood*, 561 U.S. at 332).

"Importantly, however, not every action that alters a sentence necessarily constitutes a new judgment." *Osbourne, Sec'y, Fla. Dept. of Corr.*, 968 F.3d 1261, 1265 (11th Cir. 2020) (holding that a Florida court's corrected sentence, imposed nunc pro tunc, did not qualify as a new judgment because the nunc pro tunc designation "related back to the date of the initial judgment"); *see also Cassidy v. Sec'y, Dept. of Corr.*, 119 F.4th 1336, 1341 (11th Cir. 2024) ("We stated that '*the determining factor* as to whether the state court judgment is a new judgment for purposes of Section 2244(b) turns on the nunc pro tunc designation."); *Funk v. Sec'y, Dept. of Corr.*, No. 8:24-cv-1518-MSS-NHA, 2025 WL 744264 (M.D. Fla. Mar. 7, 2025) (concluding that "[b]ecause the trial judge imposed the amended judgment . . . *nunc pro tunc* to the date of the original judgment . . . , the amended judgment is not a new judgment that [the petitioner] may challenge in a second petition").

Here, Griffin challenges the 2021 amended judgment that sentences him to 235 months nunc pro tunc to the date of the original judgment on February 10, 2017. Griffin did

not seek authorization from the Eleventh Circuit before initiating this action. However, in their initial briefing, neither party addresses whether the district court has jurisdiction to consider this second-in-time § 2255 motion. Specifically, neither party addresses whether the 2021 amended judgment constitutes a new, intervening judgment between Griffin's first § 2255 motion and this second-in-time § 2255 motion, or whether the 2021 amended judgment does not qualify as a new judgment because it was imposed nunc pro tunc to the date of the original judgment.

### III. Conclusion

Accordingly, on or before **August 21, 2025**, the United States must file a supplemental memorandum not exceeding 5 pages that addresses whether the amended judgment entered July 29, 2021, constitutes a new judgment that Griffin may challenge in this second-in-time § 2255 action without first obtaining authorization from the Eleventh Circuit. On or before **September 22, 2025**, Griffin may file a memorandum not exceeding 5 pages that replies to the United States' supplemental memorandum.

**DONE AND ORDERED** in Tampa, Florida, this 21st day of July, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE