UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY M. GRIFFIN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Civil Case No. 8:24-cv-982-MSS-AEP
Crim. Case No. 8:15-cr-453-MSS-AEP

## O R D E R

In this action under 28 U.S.C. § 2255, Troy M. Griffin moves to vacate, set aside, or correct his sentence. (Civ. Doc. 1) In 2021, the district court granted Griffin's initial motion under § 2255, vacated his conviction under 18 U.S.C. § 924(c), and resentenced him to two concurrent terms of 235 months for Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. (Crim. Doc. 357) Griffin now challenges the 2021 amended judgment on three grounds. For the reasons explained herein, Griffin is entitled to no relief, and his § 2255 motion must be **DENIED**.

### I.    Background

In October 2015, Griffin recruited Troy Markeith Griffin, Jr. (Griffin's son), Tevin Jamar Marketh Major (Griffin's nephew), Craig Demetrio Koonce, and Juwaan Roberts to rob the Twin Horse Saloon in St. Petersburg, Florida. (Crim. Doc. 351 at ¶ 9) Griffin obtained masks, gloves, and walkie talkies for the men to use and instructed them on committing the crime. (*Id.*)

On October 8, 2015, Griffin, Jr., Major, Koonce, and Roberts entered the bar wearing dark clothing and with their faces concealed, while Griffin waited outside in the getaway car.

(*Id*. at ¶ 10) Once inside, the men stole $475.50 in cash from the Twin Horse's register and an additional $220 from a Twin Horse employee and one of the bar patrons. (*Id*.) During the robbery, the men brandished their firearms, struck one patron on the back of the head, punched and kicked a patron in the face, and hit two patrons. (*Id*.)

After the robbery, Griffin's codefendants returned to the getaway car just as the police were arriving. (*Id*. at 11) Griffin led the police on a high-speed chase, running stop signs, and driving in opposite lanes to elude the officers in pursuit. (*Id*.) Law enforcement officers eventually disabled Griffin's car and apprehended all five defendants. (*Id*.)

Griffin and his four codefendants were charged in a three-count indictment for conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and (2) (Count Two), and brandishing a firearm during and in relation to the conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Three). (Crim. Doc. 1) Griffin's four codefendants pleaded guilty. Griffin proceeded to trial.

In 2016, after a three-day trial, a jury found Griffin guilty as charged. (Crim. Doc. 179) The district court sentenced Griffin to 294 months' imprisonment. (Crim. Doc. 234) The sentence consisted of concurrent 210-month terms for Counts One and Two, and a consecutive 84-month term for Count Three. (Crim. Doc. 247 at 34–35)

Griffin appealed his conviction and sentence on two grounds. He argued that the United States presented insufficient evidence to establish the jurisdictional nexus necessary to support his Hobbs Act convictions. And, he argued that the district court erred when it applied a two-level sentencing enhancement for obstruction of justice. In February 2018, the circuit

court rejected Griffin's arguments and affirmed his convictions and sentence. *United States v. Griffin*, 724 F. App'x 808 (11th Cir. 2018) (*Griffin I*).

In June 2018, Griffin filed his first 28 U.S.C. § 2255 motion and raised eleven grounds for relief that were primarily based on ineffective assistance of counsel. (Crim. Doc. 266; *Griffin v. United States*, No. 8:18-cv-138-MSS-SPF) During those proceedings, the district court directed the United States to address the applicability of *United States v. Davis*, 588 U.S. 445 (2019), to Griffin's § 924(c) conviction. The United States conceded that Griffin was entitled to relief from his conviction and sentence imposed under § 924(c) in Count Three because that conviction was predicated solely on the conspiracy to commit Hobbs Act robbery charged in Count One, which was not a predicate crime of violence after *Davis*. The United States otherwise opposed the relief Griffin sought in his § 2255 motion.

In February 2021, the district court granted in part and denied in part Griffin's § 2255 motion. (Crim. Doc. 312) The motion was granted to the extent that Griffin's conviction and sentence under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 in Count Three were vacated. The § 2255 motion was otherwise denied as meritless, and Griffin's convictions on Counts One and Two remained intact. The district court denied Griffin a certificate of appealability on the claims it rejected.

In anticipation of Griffin's resentencing, the U.S. Probation Office prepared a presentence report. (Crim. Doc. 351) The report applied a six-level enhancement under U.S.S.G. § 2B2.1(b)(2)(B) because firearms were used during the robbery. (*Id*. at ¶ 24) With this enhancement and several others, Griffin's total offense level was 36, his criminal history category was VI, and his advisory guidelines range was 324 to 405 months. (*Id*. at ¶ 96) The

statutory maximum term of imprisonment for each of Counts One and Two was 240 months. (*Id*. at ¶ 95)

On July 29, 2021, the district court conducted a resentencing hearing and sentenced Griffin to 235 months on Counts One and Two, followed by three years' supervised release.[1] (Crim. Docs. 356, 357)  In resentencing Griffin, the district court varied downward from the newly-calculated guidelines range based on Griffin's "post-conviction conduct, his efforts at rehabilitation during the period of his incarceration, and his statement in allocution reflecting a maturity in his thought processes." (Crim. Doc. 358; Crim. Doc. 368 at 29)  The amended judgment sentenced Griffin to 235 months "nunc pro tunc to the date of the original judgment on February 10, 2017, as to Counts One and Two, with credit [] for time served since the date of his arrest on August 30, 2018, both such terms to run concurrently." (Crim. Doc. 357 at 2)

Griffin appealed and challenged the substantive reasonableness of his new, 235-month sentence. (Crim. Doc. 353)  He argued that, because his original sentence for all three counts was 294 months, 84 of which were for his now-vacated Count Three conviction, he should have received a 210-month sentence. In January 2023, the circuit court rejected Griffin's arguments and affirmed the amended judgment and sentence, concluding that "the district court did not abuse its discretion merely by arriving at a sentence higher than his original sentence for Counts 1 and 2[,]" did not create unwarranted sentencing disparities among the

---

[1] The district court conducted the resentencing hearing on July 29, 2021, but temporarily held the amended judgment in abeyance until August 10, 2021, when it was entered on the docket. (Crim. Docs. 356 and 357)

codefendants, and expressly accounted for Griffin's post-sentencing rehabilitation.[2] *United States v. Griffin*, No. 21-12727, 2023 WL 239763, at *3 (11th Cir. Jan. 18, 2023) (*Griffin II*).

In February 2023, Griffin moved under Federal Rule of Criminal Procedure 12(b)(3) in his criminal case to dismiss his indictment. (Crim. Docs. 425 and 427) He argued that the vacated Count Three infected the "whole of the indictment" and that, as a result, the indictment was "not plain, concise, or definite." (Crim. Doc. 425 at 1–2) Upon receipt of Griffin's motion to dismiss the indictment, under *Castro v. United States*, 540 U.S. 375, 383 (2003), the district court directed Griffin to advise whether he agreed that the motion to dismiss should be construed as a § 2255 motion or whether he sought to amend or withdraw the motion. (Crim. Doc. 428) Griffin denied that he intended to collaterally attack his convictions and sentence in a § 2255 motion and again asserted that all counts of the indictment should be dismissed. (Crim. Doc. 429) He also filed a motion to suppress "any and all evidence" pertaining to the firearm charge in Count Three. (Crim. Doc. 430)

On May 8, 2023, the district court dismissed both the motion to dismiss and the motion to suppress, concluding that it lacked jurisdiction to entertain the motions. The district court reasoned that Griffin's case was no longer pending because the circuit court previously affirmed his convictions and sentence. (Crim. Doc. 431)

Griffin appealed that order.[3] (Crim. Doc. 432) On February 14, 2024, the circuit court affirmed that the district court lacked jurisdiction to review Griffin's motions to dismiss

---

[2] Additionally, Griffin asked the circuit court to review the district court's choice of remedy in partially granting his § 2255 motion. *Id.* at n.1. He argued that "the district court abused its discretion in failing to vacate all three of his counts of conviction" and argued that he should have received a new trial. The circuit court dismissed this portion of Griffin's appeal, concluding that it lacked jurisdiction to consider this challenge because Griffin had no certificate of appealability. (*Id.*)

[3] While this latest appeal was pending, in July 2023, Griffin initiated another action under 28 U.S.C. § 2255. (Crim. Doc. 436; *Griffin v. United States*, 8:23-cv-1458-MSS-AEP) The district court dismissed

and suppress. *See United States v. Griffin*, No. 23-11808, 2024 WL 620103, at *2–3 (11th Cir. Feb. 14, 2024) (*Griffin III*). The circuit court reasoned that "Griffin's direct appeal proceedings had concluded, and his case had ended." *Id.* (citing *United States v. Elso*, 571 F.3d 1163, 1165–66 (11th Cir. 2009)).

In April 2024, Griffin initiated the instant action by filing another § 2255 motion. (Civ. Doc. 1) He challenges his convictions and sentence on three grounds: (1) when the district court partially granted his initial § 2255 motion, it should have vacated all three counts of conviction (not just Count Three) and ordered a new trial, (2) his constitutional rights were violated at resentencing when he received a six-level enhancement under U.S.S.G. § 2B3.1(b)(2)(B), and (3) the indictment was insufficient. (Civ. Doc. 1) The United States responds that Griffin's claims are procedurally barred and meritless. (Civ. Doc. 11) Griffin replies. (Civ. Doc. 19)

## II. Discussion

As a threshold matter, the district court concludes that it has jurisdiction to consider Griffin's motion.[4] "Incarcerated individuals who seek to challenge their imprisonment

---

the motion without prejudice for lack of jurisdiction because of Griffin's pending appeal. (Civ. Doc. 7 in 8:23-cv-1458-MSS-AEP)

[4] An earlier order directed the parties to file supplemental briefing to address "whether the amended judgment entered July 29, 2021, constitutes a new judgment that Griffin may challenge in this second-in-time § 2255 action without first obtaining authorization from the Eleventh Circuit." (Civ. Doc. 47 at 4) The United States timely supplemented and argued that "this Court has jurisdiction to resolve Griffin's second-in-time 28 U.S.C. § 2255 motion" because the 2021 amended judgment constitutes "a new judgment under which Griffin is being held in custody." (*Id.* at 3 and 4)

Although Griffin was afforded an opportunity to reply to the United States' supplemental memorandum by September 22, 2025, he neither filed a reply nor sought an extension of time to do so. By initiating this action without authorization from the circuit court and by not replying to the United States' supplemental memorandum, Griffin presumably agrees with the United States that the district court has jurisdiction to resolve this matter.

through a federal habeas petition are generally afforded one opportunity to do so." *Rivers v. Guerrero*, 605 U.S. 443, 446 (2025) (holding that "in general, once the district court has entered its judgment with respect to the first habeas petition, a second-in-time application qualifies as 'second or successive' and is thus properly subject to the [stringent gatekeeping] requirements of § 2244(b)"). "Before filing a second or successive habeas petition, AEDPA requires a prisoner to obtain authorization from the appropriate court of appeals." *Telcy v. United States*, 20 F.4th 735, 740 (11th Cir. 2021) (quotation omitted). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

AEDPA, however, does not define what it means for a petition to be "second or successive." *See generally* 28 U.S.C. § 2244. Rather, "second or successive is a term of art, . . . [a]nd since it limits the courts' jurisdiction, we read it narrowly." *Scott v. United States*, 890 F.3d 1239, 1247 (11th Cir. 2018) (quotations omitted). Generally, "where . . . there is a 'new judgment intervening between the two habeas petitions,' . . . an application challenging the resulting new judgment is not 'second or successive[.]'" *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010) (citations omitted). "[H]owever, not every action that alters a sentence necessarily constitutes a new judgment[.]" *Osbourne v. Sec'y, Fla. Dept. of Corr.*, 968 F.3d 1261, 1265 (11th Cir. 2020) (holding that a Florida court's corrected sentence, imposed *nunc pro tunc*, did not qualify as a new judgment because the *nunc pro tunc* designation "related back to the date of the initial judgment").

Ultimately, "[w]hether a petition is second or successive depends on 'the *judgment* challenged.'" *Patterson v. Sec'y, Fla. Dept. of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (emphasis in original) (quoting *Insignares v. Sec'y, Fla. Dept. of Corr.*, 755 F.3d 1273, 1278 (11th

7

Cir. 2014)). "The judgment that matters for purposes of [habeas relief] is 'the judgment authorizing the petitioner's confinement.'" *Patterson*, 849 F.3d at 1325 (quoting *Magwood*, 561 U.S. at 332). In other words, "the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007).

Here, the United States argues, and the Court agrees, that the judgment authorizing Griffin's confinement is the 2021 amended judgment, which adjudicates Griffin guilty of Counts One and Two of the Indictment and sentences him to two concurrent terms of 235 months' imprisonment. (Crim. Doc. 357) The judgment imposes the sentence *nunc pro tunc* to the date of the original judgment on February 10, 2017, such that Griffin received "credit [] for time served since the date of his arrest on August 30, 2018." (*Id.*)

*Saint-Cyr v. United States*, No. 22-13110, 2024 WL 1759141, at *4 (11th Cir. Apr. 24, 2024),[5] is instructive here. Saint-Cyr obtained § 2255 relief after the district court found that the predicate offense supporting his § 924(c) conviction was no longer a crime of violence after *Davis*. *Id*. at *2. The district court conducted a "limited resentencing" and vacated the § 924(c) count and corresponding 60-month sentence; however, the total sentence remained the same. *Id*. Saint-Cyr filed another § 2255 motion and challenged his amended judgment, which the district court dismissed as an unauthorized second or successive motion. *Id*.

On appeal, the circuit court vacated the district court's dismissal of Saint-Cyr's § 2255 motion as unauthorized. *Id*. at *6. The circuit court concluded that "[a]lthough the district court did not conduct a full *de novo* resentencing and Saint-Cyr's total sentence remained the

---

[5] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")

same, the amended judgment nevertheless is the operative judgment that authorized Saint-Cyr's current confinement." *Id*. at *5. The circuit court reasoned, "[t]he amended judgment did not merely make a reduction or correction to [Saint-Cyr's] sentence[;]" rather, "it substantively changed the underlying convictions and sentencing package that together form the final judgment by vacating an unlawful conviction and sentence." *Id*.

Similarly, here, the 2021 amended judgment is the operative judgment that authorizes Griffin's current confinement. Griffin, like Saint-Cyr, demonstrated that his § 924(c) conviction and corresponding sentence violated the Constitution and was not authorized by law. When the court determines the § 2255 movant is entitled to relief, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Here, the district court vacated Griffin's § 924(c) conviction and sentence and ordered an amended presentence investigation report be prepared by the U.S. Probation Office. (Crim. Doc. 312 at 24; Crim. Doc. 314) The U.S. Probation Office prepared a new presentence report that recalculated Griffin's total offense level (without the § 924(c) offense) and guidelines range after applying the § 2B3.1(b)(2)(B) enhancement.

At the resentencing hearing, the district court varied downward from the newly-calculated guidelines range based on Griffin's post-conviction conduct, rehabilitation, and allocution. (Crim. Doc. 358; Crim. Doc. 368 at 29) Thus, the 2021 amended judgment did not merely make a reduction or correction to Griffin's underlying convictions, but, like the amended judgment in *Saint-Cyr*, substantively changed the convictions and sentencing package that forms the judgment under which Griffin is now confined. Accordingly, the 2021

9

amended judgment constituted a new judgment for purposes of AEDPA, and Griffin's § 2255 motion challenging that new, intervening judgment is not second or successive.

## A.     Ground One

Griffin claims that, rather than vacate only Count Three (his § 924(c) conviction), the district court should have vacated all three counts of conviction and ordered a new trial. He argues that the improper § 924(c) offense charged in Count Three rendered the entire jury trial unfair. (Civ. Doc. 1 at 8) He contends that its "nearly impossible to know if the jury would have been willing to still find [him] guilty of all three counts if Count Three was never placed before [the jury] for consideration." (*Id*. at 9) He argues that counsel could have "prepare[d] and argue[d] [his] defense in a totally different [manner][.]" (*Id*. at 14) He vaguely suggests that, because "there's no telling what effect a new trial might have had on him, he could have chosen to take a plea instead of going to trial." (*Id*. at 14)

### 1.     Cognizability

Griffin's claim is not cognizable. "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*). Rather, § 2255 authorizes an attack on a sentence on four grounds: (1) it "was imposed in violation of the Constitution or the laws of the United States," (2) it was imposed without jurisdiction; (3) it exceeds the maximum authorized by law; or (4) it "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Although Griffin describes his claim as a violation of his Fifth and Sixth Amendment rights, his literal invocation of his constitutional rights does not transform this claim into a constitutional claim. Rather, this claim is Griffin's challenge to the district court's decision to vacate his § 924(c) conviction,

conduct a resentencing hearing, and resentence him on Counts One and Two, rather than order a new trial on Counts One and Two.

When granting relief under § 2255, a district court "must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence." *United States v. Brown*, 879 F.3d 1231, 1235 (11th Cir. 2018) (addressing "when a court may summarily correct a sentence and when it is required to conduct a resentencing hearing"). The United States argues that "[because] those remedies are created by statute, any challenge to a district court's selection of one remedy over another is a statutory challenge, not a constitutional one[,]" and "a statutory challenge is not cognizable in a section 2255 motion absent proof of a fundamental miscarriage of justice." (Civ. Doc. 11 at 8, citing *Spencer*, 773 F.3d at 1138). The United States continues, "a district court's discretionary choice of remedy in a first section 2255 proceeding cannot be tested in a subsequent section 2255 proceeding." (Civ. Doc. 11 at 8) This argument is well taken.

"Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981)). "Unless the claimed error involves a lack of jurisdiction or a constitutional violation, § 2255 relief is limited." *Ayuso v. United States*, 361 F. App'x 988, 991 (11th Cir. 2010) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). "An error that is not jurisdictional or constitutional will form the basis for § 2255 relief only where 'the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of

11

justice.'" *Ayuso*, 361 F. App'x at 991 (quoting *Addonizio*, 442 U.S. at 185). A non-constitutional error that results in a miscarriage of justice "should present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Griffin's challenge to the district court's implementation of a remedy in his initial § 2255 proceeding is neither constitutional nor jurisdictional. Nor does the challenge amount to an error that resulted in a complete miscarriage of justice. Rather, he challenges the district court's selection of a remedy authorized by § 2255—its decision to resentence him on Grounds One and Two after vacating the § 924(c) offense, rather than ordering a new trial on Grounds One and Two. This claim is not cognizable. *See United States v. Cody*, 998 F. 3d 912, 916 (11th Cir. 2021) (explaining that, after the district court "select[s] one of four remedies[,] . . . the proceeding under section 2255 is over").

2. **Merits**

However, even if Griffin's claim were cognizable, he is entitled to no relief because his claim is purely speculative. Griffin argues that the improper § 924(c) offense charged in Count Three rendered the entire jury trial unfair and suggests that a jury would acquit him of Counts One and Two absent evidence of the conduct that was charged in Count Three—his codefendants' use of firearms during the robbery. However, Griffin points to no rule of evidence or other legal authority that would prevent the United States from presenting evidence of the use of firearms during a retrial on only Counts One and Two. And, his suggestions that counsel could have prepared a defense in a "totally different manner" and that he might have pleaded guilty are conclusory and speculative. *Prada v. United States*, 692 F. App'x 572, 574 (11th Cir. 2017) (affirming the district court's denial of § 2255 relief because

12

the issues were "conclusory and speculative in nature"); *Aguilar-Garcia v. United States*, 517 F. App'x 880, 882 (11th Cir. 2013) (affirming the denial of § 2255 relief because the claims were "speculative or merely hypothetical").

In summary, Griffin is entitled to no relief on Ground One because the claim is not cognizable.

### B. Ground Two

Griffin claims his constitutional rights were violated at resentencing when he received an enhancement under U.S.S.G. § 2B3.1(b)(2)(B), which mandates a six-level increase when a firearm was "otherwise used" in the offense. Griffin argues that the enhancement was improperly applied because it was based on facts that were neither charged in the indictment nor found by a jury. (Civ. Doc. 1 at 23) And, Griffin suggests that counsel rendered constitutionally ineffective assistance when she failed to object to the enhancement on this basis. (*Id*. at 24–25)

#### 1. Cognizability

Regardless of Griffin's characterization of his challenge to the enhancement as a constitutional claim, this claim is not cognizable. "When a prisoner [ ] alleges that his 'sentence was imposed in violation of the . . . laws of the United States . . . or is otherwise subject to collateral attack,' a district court lacks the authority to review the alleged error 'unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice.'" *See Spencer*, 773 F.3d at 1138 (citations omitted). Lesser errors—such as allegations concerning sentencing guidelines calculations—are not cognizable on collateral review. *Id*. at 1138–40. Furthermore, "when a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual

innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Id*. at 1139.

Here, the statutory maximum term of imprisonment for each of Counts One and Two was 240 months. (Crim. Doc. 351 at ¶ 95) On resentencing, the district court varied downward from the guidelines range of 324 to 405 months and imposed a sentence of 235 months, which is below the statutory maximum. (*Id*. at ¶ 96) Because Griffin was sentenced below the statutory maximum, he simply cannot show that any alleged sentencing error resulted in a complete miscarriage of justice. *See Spencer*, 773 F.3d 1139.

### 2. Prior Resolution

Additionally, this claim is barred by prior resolution. On direct appeal from his 2021 amended judgment and sentence, Griffin argued that his 235-month sentence was substantively unreasonable in part because the district court failed to avoid unwarranted sentencing disparities among his codefendants. *See United States v. Griffin*, No. 21-12727, 2022 WL 1135155, at *13 (11th Cir. Apr. 11, 2022) (Initial Brief of Appellant). Griffin argued that the § 2B3.1(a) enhancement created an unwarranted disparity between his guidelines range his codefendants' sentences, most of whom were not subject to the enhancement despite brandishing firearms inside the bar. *Id*. The circuit court, however, rejected Griffin's argument and found that his codefendants were not similarly situated to him because, among other reasons, they pleaded guilty to fewer offenses. *Griffin II*, at *3.

"It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (citing

*United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.")). On direct appeal, Griffin asserted a broader challenge to the substantive reasonableness of his sentence, arguing that the inequitable application of the firearm enhancement resulted in unnecessary sentencing disparities. In this action, he asserts a narrower challenge to the § 2B3.1(b)(2)(B) enhancement, arguing that the facts did not support the enhancement. Nevertheless, the reframing of the argument does not save the claim from procedural default. The circuit court already found that the district court did not abuse its discretion when imposing a 235-month sentence—which was imposed after application of the § 2B3.1(b)(2)(B) enhancement—because the sentence was not substantively unreasonable. *Griffin II*, at *3. Accordingly, Griffin's current claim has already been considered and rejected by the circuit court and is therefore barred.

### 3. Merits

Even if this claim were cognizable and not barred by prior resolution, Griffin would not be entitled to relief because the claim lacks merit. At resentencing, the U.S. Probation Office recommended a six-level enhancement under § 2B3.1(b)(2)(B), which provides that "if a firearm was otherwise used, increase by 6 levels." (Crim. Doc. 351 at ¶ 24) "A firearm is 'otherwise used' if the 'conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon.'" U.S.S.G. § 1B1.1 cmt. n.1(I). "'[O]therwise used' is the realm between firing a gun and making a gun known in order to intimidate someone." *United States v. Gray*, 771 F. App'x 976, 981–82 (11th Cir. 2019) (finding that the defendant "otherwise used" a firearm when he pointed it at the victim while shouting orders at her to exit the car). "[T]he use of a firearm to make an explicit

or implicit threat against a specific person" constitutes "otherwise use" of the firearm. *United States v. Johnson*, 803 F.3d 610, 616 (11th Cir. 2015). For example, a firearm was not merely brandished but was "otherwise used" when a defendant "pointed the handgun at a specific victim, holding the gun one-half inch from the victim's forehead." *United States v. Wooden*, 169 F.3d 674, 676 (11th Cir. 1999). Furthermore, a defendant is responsible for "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," as well as, in the case of joint criminal activity, "all acts and omissions of others that were . . . reasonably foreseeable in connection with that criminal activity[.]" U.S.S.G. § 1B1.3(a)(1)(A)-(B).

     Griffin's challenge to the enhancement fails because the undisputed record shows that firearms were not merely brandished but were pointed at victims in order to threaten them. Specifically, "[d]uring the course of the robbery, one of the defendants held a gun to S.W.'s head while ordering her down to the ground, ordering her to open the register, ordering her to open the safe, and taking her personal belongings from her. Additionally, the defendants pointed guns at various victims when they entered the bar." (Crim. Doc. 351 at ¶ 24) An implicit threat of violence coupled with pointing a firearm at victims during a robbery falls squarely within the definition of "otherwise used" under § 2B3.1(b)(2)(B). *See Johnson*, 803 F.3d at 617 (finding that the defendant otherwise used a firearm when he pointed it at tellers and demanded money).

     To the extent Griffin claims that counsel rendered constitutionally ineffective assistance when she failed to object to the enhancement, such claim lacks merit. The record shows counsel initially objected to the six-level enhancement before sentencing by arguing that the "conduct involving the firearms in [Griffin's] case does not meet the definition of

'otherwise used.'" (Crim. Doc. 351 at 29) Counsel suggested that the conduct instead supported a lower, five-level enhancement under § 2B3.1(b)(2)(C) for brandishing. (*Id.*) Later, counsel withdrew the objection at sentencing and explained that the district court "had already given [Griffin's codefendant] the six level enhancement, so [counsel] believe[d] that that's the law of the case." (Crim. Doc. 368 at 5) Counsel urged the district court to impose a sentence of 210 months. (*Id.* at 24)

Because the enhancement was correctly applied as explained *supra*, Griffin cannot show counsel was ineffective for withdrawing her meritless objection to the enhancement. Counsel is not constitutionally ineffective for failing to raise a meritless claim. *See Hollis v. United States*, 958 F.3d 1120, 1124 (11th Cir. 2020); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015).

In summary, Griffin is entitled to no relief on Ground Two because his challenge to the enhancement is not cognizable. Even if it were cognizable, it would be barred by prior resolution, and it lacks merit. His claim that counsel was constitutionally ineffective for not challenging the enhancement lacks merit because the enhancement was properly applied.

## C.     Ground Three

Griffin challenges the sufficiency of the indictment, although he fails to clearly articulate a basis for this claim. Ground Three appears to be a claim that the district court should have granted his 2017 pretrial adopted motion to dismiss, which challenged § 924(c) as unconstitutionally vague. Before trial, Griffin sought dismissal of only Count Three, but he now claims the entire indictment is insufficient.

Griffin is entitled to no relief on this claim because, even generously construing Griffin's arguments, he identifies no infirmities in the indictment, and this claim is purely

speculative. He neglects to show how the vacatur of his § 924(c) conviction invalidates his remaining convictions in Counts One and Two. His nearly twenty pages of argument for Ground Three is substantially comprised of boilerplate language regarding the sufficiency of an indictment. Although the United States emphasizes the inadequacy of this claim in its response (Civ. Doc. 11 at 14– 17), Griffin again neglects to rehabilitate this claim in his reply.

In his reply, Griffin repeats the assertions he makes in Ground One that the "§ 924(c) count should not have ever been seen[,]" (Civ. Doc. 19 at 6) and he "never had that chance to present his case without the vague gun count before a jury" (*id*. at 19). The absence of a § 924(c) charge, Griffin argues, "changes the entire dynamic of now what evidence the government can use and not use." (*Id*. at 14) And, he speculates that the jurors confused the § 924(c) offense with the remaining counts: "It could have been a juror that could have been anti-gun maybe didn't like guns and f[ound] him guilty based on the firearm count for Count 2. No one will ever now how the jury rendered all 3 verdicts because the law prohibits one from doing so." (*Id*. at 11) These arguments are pure speculation, and unsupported conjecture cannot support a § 2255 motion. *See Prada*, 692 F. App'x at 574 (explaining that speculation is an insufficient basis for § 2255 relief or an evidentiary hearing). Griffin is entitled to no relief on Ground Three because his challenge to the indictment is purely speculative.

### III.    Conclusion

Accordingly, Griffin's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**. Griffin's "Motion for Emergency Supplement" (Doc. 52) is **DENIED AS MOOT**. The **CLERK** is directed to enter a judgment against Griffin, to

terminate any pending motions, to **CLOSE** this case, and to enter a copy of this order in the criminal action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Griffin is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Griffin must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Griffin has not shown that reasonable jurists would debate either the merits of the claims or the procedural issues. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Griffin must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, this 30th day of November, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE